Clerk's Office
Filed Date: 9/9/2022

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SECURITIES AND EXCHANGE
COMMISSION,

                      Plaintiff,

     -against-

PREMIER LINKS, INC., DWAYNE
MALLOY, CHRISTOPHER DAMON,
THEIRRY RUFFIN a/k/a THEIRRY REGAN,

                      Defendants,

     -and-

JOHN DESANTIS, ROBERT BLOOME,
JOSEPH J. BYRNE, NICHOLAS SPINELLI,
MARGARET RAVA a/k/a MARGARET
AMATULLI, DARNEL JACKSON,
FREDDIE ANDERSON, QUATRO
HOLDINGS, INC., and NYC CLAIMS, INC.,

                      Relief Defendants.
------------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
14-cv-7375 (CBA) (ST)

**AMON, United States District Judge:**

On December 18, 2014, Plaintiff Securities & Exchange Commission (the "SEC") filed an enforcement action (see ECF Docket Entry ("D.E.") # 1 ("Complaint")) against (1) Premier Links, Inc. ("Premier Links"), Christopher Damon ("Damon"), Dwayne Malloy ("Malloy"), and Theirry Ruffin a/k/a Theirry Regan ("Ruffin") (collectively, the "Premier Links Defendants"); and (2) Freddie Anderson ("Anderson"), Robert Bloome ("Bloome"), Joseph J. Byrne ("Byrne"), John DeSantis ("DeSantis"), Darnel Jackson ("Jackson"), Margaret Rava a/k/a Margaret Amatulli ("Rava"), Nicholas Spinelli ("Spinelli"), Quatro Holdings, Inc. ("Quatro"), and NYC Claims, Inc. ("NYC Claims") (collectively, the "Relief Defendants"). The SEC's Complaint alleged violations

1

of the Securities Act of 1933, the Securities Exchange Act of 1934, and the Rules promulgated thereunder ("Rule 10b-5").

I previously adopted a report and recommendation (the "2017 R&R") of the Honorable Steven Tiscione, United States Magistrate Judge, granting in part and denying in part an SEC motion for default judgment. (D.E. # 74.) In adopting the 2017 R&R, I (1) found the Premier Links Defendants liable for violating Section 5 of the Securities Act, 15 U.S.C. § 77e; Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a); Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); Rule 10b-5, 17 C.F.R. § 240.10b-5; and Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a); (2) permanently enjoined the Premier Links Defendants from committing or aiding and abetting future violations of the securities laws and rules they were alleged to have violated;[1] and (3) declined to order disgorgement or a civil monetary penalty and instead directed the SEC to provide supplemental information regarding these requests.

The SEC has since voluntarily dismissed without prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), all claims against Relief Defendants Spinelli, Anderson, and Quatro Holdings. (D.E. # 87.) The SEC now moves for the entry of judgment under Federal Rule of Civil Procedure 54(b) against the following parties: (1) Premier Links Defendants Damon and Ruffin to disgorge all ill-gotten gains and pay prejudgment interest, and further to permanently enjoin them from committing future violations of the securities laws including Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), Section 5 of the Securities Act, 15 U.S.C. § 77e, Section 15(a) of the Exchange Act, 15 U.S.C. § 78o(a), Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b),

---

[1] At points throughout its motion and memorandum that are currently under consideration, the SEC appears to re-request the same injunctive relief against Premier Links Defendants Damon and Ruffin. (See D.E. # 84 at 1-2). That relief has already been granted in my order adopting the 2017 R&R, (D.E. # 74), which remains binding on the parties. In addition, the SEC noted in its most recent status report that it had filed a proposed judgment against Premier Links containing the injunctive relief already ordered as part of my adoption of the 2017 R&R. (See D.E. # 91 at 1.) However, that proposed judgment does not appear on the docket.

and Rule 10b-5, 17 C.F.R. § 240.10b-5, thereunder; (2) Ruffin to pay a civil penalty; and (3) Relief Defendants Bloome and Byrne to disgorge all ill-gotten gains and pay prejudgment interest. (D.E. ## 84, 85.) The SEC also moved to approve consent judgments against Defendants Amatulli, Jackson, Malloy, DeSantis, and NYC Claims. (D.E. ## 88, 89, 90, 92.) I referred the SEC's motions to Magistrate Judge Tiscione.

On July 27, 2022, Magistrate Judge Tiscione issued a report and recommendation in which he recommended that I grant the SEC's motions. (D.E. # 95 ("R&R").) In recommending entry of judgment under Rule 54(b), Magistrate Judge Tiscione specifically recommended that: Damon should disgorge $107,263.50 along with prejudgment interest of $8,615.37 and that this amount should be offset by the amount of restitution that he is ultimately ordered to pay in a related criminal action; Bloome should disgorge $340,675 and pay prejudgment interest of $28,263.42; Byrne should disgorge $59,165 and pay prejudgment interest of $4,752.12; Ruffin should disgorge $42,010 and pay prejudgment interest of $3,374.22; and that Ruffin should also pay a civil penalty of $600,000. (R&R at 16.) Magistrate Judge Tiscione also recommended that I grant the SEC's Motion to Approve Consent Judgments as to Defendants Amatulli, Jackson, Malloy, DeSantis, and NYC Claims.[2] (Id.)

No party has objected to the R&R, and the time for doing so has passed. When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C.

---

[2] As is evident on the face of the document and signatures appended thereto, the consent judgment as to Relief Defendant John DeSantis also covers Relief Defendant NYC Claims, a corporation DeSantis controls. (See D.E. # 92 ("Consent of Relief Defendants John DeSantis and NYC Claims, Inc.").) The R&R recommended that I grant the "SEC's Motion to Approve Consent Judgments as to Defendants Amatulli, Jackson, Malloy, and DeSantis," but did not explicitly reference NYC Claims by name. (R&R at 16.) However, the R&R makes clear that Magistrate Judge Tiscione reviewed each of the proposed judgments, and that his recommendation to grant the consent judgment as to DeSantis referred to the proposed judgment covering both DeSantis and NYC Claims, as filed. (See, e.g., id. ("The Court is persuaded that each of the Proposed Consent Judgments is fair and reasonable . . . .")) Accordingly, I read the R&R as recommending that I approve the consent judgment as to DeSantis as well as NYC Claims, which I do.

§ 636(b)(1). To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted). I have reviewed the record and, finding no clear error, adopt the well-reasoned R&R as the opinion of the Court, subject only to the following procedural modification. See 28 U.S.C. § 636(b)(1)(C).

The SEC docketed this filing as a motion for entry of judgment under Federal Rule of Civil Procedure 54(b), (see D.E. # 84), and the R&R recommended entry of judgment under that rule, (see R&R at 6-7). However, neither the SEC's motion itself nor the supporting memorandum of law references Rule 54(b). (See D.E. ## 84, 85.) Rule 54(b) is an exception to the general principle favoring entry of final judgment only once all claims have been adjudicated and allows for entry of judgment "as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). The SEC itself has said that my ruling on the present motion and the four proposed consent orders—all of which I resolve herein—would terminate the case. (See D.E. # 85 at 2 ("The only remaining issue for the Court to determine is the amount of money that these Defendants and Relief Defendants should be ordered to pay—money that will be distributed, if feasible, to the defrauded investors."); D.E. # 91 at 3 ("Through these various steps, the Commission is attempting to close this civil enforcement action in a fair and reasonable manner that will create the possibility for a distribution to the harmed investors, if feasible, should sufficient money be collected.").) The only issue I perceive as arguably remaining open is any setoff that Premier Links Defendant Damon may warrant as a result of possible restitution in the related criminal action. But with this order, I am ordering that future setoff—whatever the amount may be—and resolving the SEC's claims in the present matter

as they relate to Damon, leaving nothing further for me to decide.[3] Accordingly, because I consider this a resolution of "all[] claims [and] parties"—not a subset of them—I determine that Rule 54(b) is an unnecessary vehicle through which to enter judgment. See Fed. R. Civ. P. 54(b). Instead, this order constitutes a "final decision[] of the district court[,]" which ends the litigation. See 28 U.S.C. § 1291.

SO ORDERED.

Dated: September 9, 2022
Brooklyn, New York

s/Carol Bagley Amon

Carol Bagley Amon
United States District Judge

---

[3] It is unclear whether restitution could even be ordered at this stage of Damon's criminal action, United States v. Amatulli et al., No. 15-cr-135-3 (ENV) (E.D.N.Y. Mar. 20, 2015). Damon was sentenced in that case on March 29, 2019, (id., D.E. # 172), and judgment was entered on April 9, 2019, (id., D.E. # 173). That judgment checked a box that reads: "The determination of restitution is deferred until future date. An Amended Judgment in a Criminal Case (AO 245C) will be entered after such determination." (Id., D.E. # 173 at 6.) Over three years later, no amended judgment has been entered. Under 18 U.S.C. § 3664(d)(5), a sentencing court's determination of restitution is "not to exceed 90 days after sentencing," although that statute seemingly applies to situations in which "the victim's losses are not ascertainable" at the time of sentencing. Here, it is unclear whether that was the reason for deferring the imposition of restitution in Damon's case. The Supreme Court has also held that missing this 90-day deadline does not bar a court from ordering restitution, at least in situations where the court made clear that restitution would be imposed and left only the amount open to determination. See Dolan v. United States, 560 U.S. 605, 608 (2010). In any event, because over three years have passed since entry of judgment in Damon's criminal matter, I see no reason why the remote possibility of an eventual restitution order in that action should prevent a conclusive resolution to this case, particularly where I have ordered that Damon's disgorgement and interest shall be offset by the amount of restitution that he is ultimately ordered to pay in the criminal action.