UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| PREMIER LINKS, INC., DWAYNE MALLOY, | : |
| CHRIS DAMON, THEIRRY RUFFIN a/k/a | : |
| THEIRRY REGAN, | : 14-CV-7375 (CBA)(ST) |
| | : |
| Defendants, | : |
| | : |
| | : |
| - AND - | : |
| | : |
| JOHN DESANTIS, ROBERT BLOOME, | : |
| JOSEPH J. BYRNE, NICHOLAS SPINELLI, | : |
| MARGARET RAVA a/k/a MARGARET | : |
| AMATULLI, DARNEL JACKSON, FREDDIE | : |
| ANDERSON, QUATRO HOLDINGS, INC., and | : |
| NYC CLAIMS, INC., | : |
| | : |
| Relief Defendants. | : |

## FINAL JUDGMENT AS TO DEFENDANT DWAYNE MALLOY

The Securities and Exchange Commission having filed a Complaint and Defendant

Dwayne Malloy ("Malloy" or "Defendant") having entered a general appearance; consented to

the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry

of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to

appeal from this Final Judgment; and Defendant having admitted the facts set forth in the

Complaint in this action and acknowledged that his conduct violated the federal securities laws:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

2

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act [15 U.S.C. § 77e] by, directly or indirectly, in the absence of any applicable exemption:

    (a)    Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)    Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or

instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c)    Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S. Code § 78o] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) without being an associated person of a registered broker dealer in accordance with Section 15 of the Exchange Act.

4

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

V.

IT IS ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $881,000 representing net profits gained as a result of the conduct alleged in the Complaint, which the Court finds is for the benefit of investors, which is deemed satisfied by both the entry of a forfeiture order against Defendant in the amount of $881,000 and the anticipated criminal order of restitution to be entered against him in the criminal case before the United States District Court for the Eastern District of New York titled *United States v. Amatulli, et al.*, 15-cr-135 (EDNY).

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain

jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil

Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 9 , 2022

UNITED STATES DISTRICT JUDGE

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

|  |  |  |
|---|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : | |
| | : | |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| PREMIER LINKS, INC., DWAYNE MALLOY, | : | |
| CHRIS DAMON, THEIRRY RUFFIN a/k/a | : | |
| THEIRRY REGAN, | : | 14-CV-7375 (CBA)(ST) |
| | : | |
| *Defendants*, | : | |
| | : | |
| | : | |
| - AND - | : | |
| | : | |
| JOHN DESANTIS, ROBERT BLOOME, | : | |
| JOSEPH J. BYRNE, NICHOLAS SPINELLI, | : | |
| MARGARET RAVA a/k/a MARGARET | : | |
| AMATULLI, DARNEL JACKSON, FREDDIE | : | |
| ANDERSON, QUATRO HOLDINGS, INC., and | : | |
| NYC CLAIMS, INC., | : | |
| | : | |
| *Relief Defendants*. | : | |

---

## CONSENT OF DEFENDANT DWAYNE MALLOY

1.    Defendant Dwayne Malloy ("Defendant") waives service of a summons and the
complaint in this action, enters a general appearance, and admits the Court's jurisdiction over
Defendant and over the subject matter of this action.

2.    Defendant admits the allegations of the Complaint and hereby consents to the
entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated
by reference herein, which, among other things:

(a)    permanently restrains and enjoins Defendant from violation of Section

10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15

1

U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)], Section 5 of the Securities Act [15 U.S.C. § 77e], and Section 15(a) of the Exchange Act [15 U.S. Code § 78o];

(b)    orders Defendant to pay disgorgement of $881,000, which is deemed satisfied by both the entry of a forfeiture order against Defendant in the amount of $881,000 and the anticipated criminal order of restitution to be entered against him in the criminal case before the United States District Court for the Eastern District of New York titled *United States v. Amatulli, et al.*, 15-cr-135 (EDNY).

3.    Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

4.    Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

5.    Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

6.    Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

7.    Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant

of its terms and conditions.  Defendant further agrees to provide counsel for the Commission,

within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit

or declaration stating that Defendant has received and read a copy of the Final Judgment.

        8.      Consistent with 17 C.F.R. 202.5(f), this Consent resolves only the claims asserted

against Defendant in this civil proceeding.  Defendant acknowledges that no promise or

representation has been made by the Commission or any member, officer, employee, agent, or

representative of the Commission with regard to any criminal liability that may have arisen or

may arise from the facts underlying this action or immunity from any such criminal liability.

Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding,

including the imposition of any remedy or civil penalty herein.  Defendant further acknowledges

that the Court's entry of a permanent injunction may have collateral consequences under federal

or state law and the rules and regulations of self-regulatory organizations, licensing boards, and

other regulatory organizations.  Such collateral consequences include, but are not limited to, a

statutory disqualification with respect to membership or participation in, or association with a

member of, a self-regulatory organization.  This statutory disqualification has consequences that

are separate from any sanction imposed in an administrative proceeding.  In addition, in any

disciplinary proceeding before the Commission based on the entry of the injunction in this

action, Defendant understands that he shall not be permitted to contest the factual allegations of

the complaint in this action.

        9.      Defendant understands and agrees to comply with the terms of 17 C.F.R.

§ 202.5(e), which provides in part that it is the Commission's policy "not to permit a defendant

or respondent to consent to a judgment or order that imposes a sanction while denying the

allegations in the complaint or order for proceedings." As part of Defendant's agreement to

3

comply with the terms of Section 202.5(e),  Defendant: (i) will not take any action or make or permit to be made any public statement denying, directly or indirectly, any allegation in the complaint or creating the impression that the complaint is without factual basis; (ii) will not make or permit to be made any public statement to the effect that Defendant does not admit the allegations of the complaint, or that this Consent contains no admission of the allegations; (iii) upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the complaint; and (iv) stipulates for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, that the allegations in the complaint are true, and further, that any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under the Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).  If Defendant breaches this agreement, the Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take legal or factual positions in litigation or other legal proceedings in which the Commission is not a party.

10.    Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to seek from the United States, or any agency, or any official of the United States acting in his or

her official capacity, directly or indirectly, reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

22.    Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

23.    Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Dated:   10/19/21

_____
Dwayne Malloy

On October ___, 2001, Dwayne Malloy, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires: